■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WARD, Appellant.—Judgment, Supreme Court, New York County (Franklin R. Weissberg, J.), rendered September 29, 1987, upon a jury verdict, convicting defendant of attempted robbery in the second degree and sentencing him to a term of 3 to 6 years, unanimously affirmed.

Defendant was convicted of attempting to steal a car from a Manhattan parking garage on October 15, 1986. The complainant, a garage attendant who knew the true owner of the car, testified that in less than one hour, defendant, on three occasions, attempted to obtain possession of a black Chevrolet Camaro by subterfuge, by claiming that the car was his but that he had lost the parking receipt, by producing a note allegedly written by his "wife", the alleged owner, and by producing a woman whom the attendant did not recognize. On the fourth attempt, defendant pretended he had a gun and attempted to force the attendant into the trunk of another car parked in the same garage. The robbery was foiled when a passerby saw what was happening and intervened. Defendant fled the scene only to be apprehended two blocks away by the garage attendant and the disinterested witness. At trial, defendant testified that he spent much of the time in question at a bar around the corner from the garage, and disclaimed any involvement in the incident.

Clearly, where identification and credibility are at issue, the jury in the first instance is responsible for such determinations, not an appellate court. *(People v Mosley,* 112 AD2d 812, 814, *affd* 67 NY2d 985.) We are satisfied that the evidence was legally sufficient and that the weight of the evidence established defendant's guilt.

Defendant's contention that he was deprived of a fair trial as a result of the trial court's modification of its earlier

*Sandoval* compromise ruling does not warrant a reversal. At a pretrial *Sandoval* hearing, the court determined defendant could be questioned about a number of misdemeanor convictions and a 1983 felony conviction, without inquiry into the underlying facts of those crimes. At trial, defendant testified that he had no motive to steal a car because his Buick Riviera had been stolen on October 2, 1986 and he preferred to use public transportation. In light of that testimony, the prosecutor was properly permitted to impeach defendant with a conviction for driving while intoxicated which arose from the use of the same allegedly stolen car on October 2, 1986. Concur—Ross, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.