■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE LACEND, Appellant. [628 NYS2d 96] —Judgment, Supreme Court, Bronx County (William Donnino, J., at suppression hearing; Frank Torres, J., at jury trial and sentence), rendered September 16, 1992, convicting defendant of criminal sale of a

controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years on each count, unanimously affirmed.

The hearing court properly concluded that observation by an experienced narcotics officer of an exchange for money of a glassine envelope containing what the officer believed to be narcotics, in an area known for drug activity, constituted probable cause (*People v McRay*, 51 NY2d 594, 603-604; *People v Sanchez*, 181 AD2d 499, *lv denied* 79 NY2d 1054). As noted by the hearing court, defendant's observed participation in the sale included providing a bag to a cohort who removed the glassine envelope from that bag to accomplish the sale and then handed the proceeds of the sale to defendant. The apprehending officers properly relied upon the observing officer's radioed communication of his observations and a description of defendant (*People v Petralia*, 62 NY2d 47, 52, *cert denied* 469 US 852).

Defendant did not object to police testimony regarding the various roles assumed by participants in street narcotics sales and thus did not preserve his current claims that the testimony was improper both because the officer was not formally qualified as an expert, and because the testimony usurped the jury's fact-finding function (CPL 470.05; *People v Iannelli*, 69 NY2d 684, *cert denied* 482 US 914). In any event, despite the fact that the officer in question was not formally qualified as an expert witness, his testimony demonstrated that he had sufficient experience to qualify as such in connection with street level drug operations (*People v Tevaha*, 204 AD2d 92, *affd* 84 NY2d 879). Further, as defense counsel first introduced in his opening statement the various "roles" played by street drug sellers, stating that the observing officer falsely assigned the "role" of "the money man" to defendant, that officer's testimony regarding his observations of defendant's activities just prior to his arrest, the recovery of $512 from defendant upon arrest, and his references to defendant's observed activities as constituting the role of "the money man" or "stash man", cannot be deemed to have deprived defendant of a fair trial. Indeed, any error would be rendered harmless in light of the overwhelming evidence against defendant (*People v Crimmins*, 36 NY2d 230).

Based on the available record, the trial court appropriately exercised its discretion in permitting law students to sit at various locations within the courtroom during the trial, including at the bench and at the prosecutor's table during the jury

voir dire (*see, People v Moulton*, 43 NY2d 944, 945). The prosecutor's representation, and the court's own observation that no impropriety existed or might properly be inferred, refutes defendant's speculative claim that the court erred in ruling that there was no need to reposition a particular law student seated at the prosecutor's table during the voir dire (*see, People v Negron*, 184 AD2d 202, 203, *lv denied* 80 NY2d 907). Further, the court's repeated instruction to the panel that the presence of the students in the courtroom did not make this case different from any other case tried in New York State, and that the students were present merely to observe and learn about court proceedings, ensured that no improper inference would be made (*see, People v Davis*, 58 NY2d 1102, 1104). In this connection, the court's instructions that it was the function of the jurors to determine the merits of the case, based upon their objective evaluation of the evidence in the context of the proof beyond the reasonable doubt standard, adequately conveyed the appropriate legal principles (*see, People v Hurk*, 165 AD2d 687, *lv denied* 76 NY2d 1021). Concur—Rosenberger, J. P., Wallach, Rubin and Mazzarelli, JJ.