■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIL POWELL, Appellant. [692 NYS2d 322] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered July 24, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, 5 to 10 years, and 3 to 6 years, respectively, unanimously affirmed.

The court properly received background testimony regarding the workings of street-level drug selling operations from an officer whose testimony demonstrated that he had sufficient experience to qualify as an expert on that subject, notwithstanding that the court did not formally declare him to be an expert witness (*People v Lacend*, 216 AD2d 112, 113, *lv denied* 87 NY2d 923). All of defendant's remaining challenges to the expert testimony are unpreserved (*People v Tevaha*, 84 NY2d 879), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the brief, limited, non-prejudicial testimony was necessary to explain the accessorial liability of the codefendant at this joint trial, and was also relevant to defendant's own guilt, especially with

regard to his connection to a quantity of drugs not found on his person (*see, People v Kelsey*, 194 AD2d 248, 252-253).

Defendant's contention that the indictment was duplicitous is unpreserved, and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Rosenberger, J. P., Tom, Rubin, Saxe and Buckley, JJ.