■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELPSIS GARCIA, Appellant. [702 NYS2d 817] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered October 17, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility and identification, and find ample evidence of accessorial liability.

Defendant's present challenges to the admission of background testimony concerning street-level drug sales are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the evidence was admissible to explain defendant's role in the transaction, and that the testifying officer's participation in over 250 "buy-and-bust" operations qualified him to give such testimony, notwithstanding the fact that the trial court did not formally declare him to be an expert witness (see, People v Lacend, 216 AD2d 112, 113, lv denied 87 NY2d 923).

There were reasonable assurances of the identity of the glassines of heroin received in evidence, and any deficiency in the chain of custody merely went to the weight, not the admissibility, of such evidence (*see, People v Murray*, 191 AD2d 397, *lv denied* 82 NY2d 723). Concur—Rosenberger, J. P., Williams, Ellerin and Saxe, JJ.