■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GREEN, Appellant. [769 NYS2d 532]—

Judgment, Supreme Court, New York County (Arlene Silverman, J., at suppression hearing; Richard Carruthers, J., at jury trial and sentence), rendered May 20, 2002, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 5 to 10 years, and otherwise affirmed.

Defendant's suppression motion was properly denied. Probable cause for defendant's arrest was established by the arresting officer's testimony that after receiving a transmission from the observing "ghost" officer stating that there had been a "positive buy" and describing the participants, he went to the specified location and arrested defendant, who matched the description that had been provided (*People v Ketcham*, 93 NY2d 416 [1999]). Since the nature of undercover drug operations and the meaning of the term "positive buy" are sufficiently well known so that a hearing court would not normally need any enlightenment, we reject defendant's argument that the People are obligated to elicit explanatory testimony on such matters at a suppression hearing (*see People v Saverino*, 270 AD2d 146 [2000], *lv denied* 95 NY2d 857 [2000]).

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification and credibility.

The court properly exercised its discretion in admitting limited background testimony about street-level drug operations in order to explain the fact that no drugs or prerecorded buy money were recovered from defendant (*see People v Brown*, 97 NY2d 500 [2002]). Defendant expressly requested that the court not declare the testifying officer to be an expert witness. In any event, although not formally declared to be an expert, the officer was sufficiently experienced to give testimony on the subject (*see People v Powell*, 262 AD2d 134 [1999], *lv denied* 94 NY2d 799 [1999]).

We find the sentence excessive to the extent indicated. Concur—Mazzarelli, J.P., Saxe, Lerner and Marlow, JJ.