462

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. The account of the transaction given by the prosecution witnesses was at odds with defendant's agency defense (*see e.g. People v Lam Lek Chong*, 45 NY2d 64, 74-75 [1978], *cert denied* 439 US 935 [1978]), and defendant's present argument rests on his own testimony, which the jury was entitled to reject. Defendant's arguments concerning the resisting arrest conviction are without merit.

As defendant concedes, the fact that he interposed an agency defense permitted the People to introduce evidence of prior drug sales. We reject defendant's argument that the court permitted elicitation of excessive and prejudicial details about his prior drug sale conviction. The challenged evidence was highly probative to refute his agency defense, and that probative value outweighed the potential for undue prejudice (*see People v Castaneda*, 173 AD2d 349, 350 [1991], *lv denied* 78 NY2d 963 [1991]), which the court minimized by means of a limiting instruction. Moreover, defendant specifically opened the door to inquiry into the facts of his prior case when, on cross-examination, he testified that he was innocent of the prior crime notwithstanding his guilty plea in that case.

The court properly denied defendant's suppression motion. Defendant's generalized argument that the police lacked probable cause for his arrest failed to preserve his present contentions (*see People v Tutt*, 38 NY2d 1011 [1976]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The hearing evidence warranted the conclusion that the arresting officer acted lawfully, pursuant to the fellow officer rule (*see People v Ketcham*, 93 NY2d 416 [1999]; *People v Green*, 2 AD3d 279 [2003], *lv*

*denied* 2 NY3d 740 [2004]). Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ.

■ Eddie H. Valentin, Respondent, v Melcar Garage, Inc., Appellant, et al., Defendants. [854 NYS2d 131]—

Melcar's motion was properly denied for lack of documentation showing, inter alia, exactly who paid plaintiff and supervised his daily activities, and that such person or entity, if not Melcar itself, is Melcar's alter ego (*see Hughes v Solovieff Realty Co., L.L.C.*, 19 AD3d 142, 143 [2005]). In view of the foregoing, we need not reach Melcar's argument that plaintiff's injuries are not "grave" within the meaning of the statute and that any common-law claims against it must therefore be dismissed. Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ.

■ The People of the State of New York, Respondent, v Warren Mitchell, Appellant. [855 NYS2d 409]—

No opinion. Order filed. Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ.

■ The People of the State of New York, Respondent, v Edward Greeman, Appellant. [853 NYS2d 557]—

Defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]), after a colloquy in which the court clearly explained to him that the waiver was separate from the rights automatically forfeited by a guilty plea, and that it encompassed the very issue he now seeks to raise concerning his forged instrument conviction. In any event, regardless of whether defendant validly waived his right to ap-