■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLA BLUE, Appellant. [966 NYS2d 425]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered December 20, 2010, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony drug offender, to a term of five years, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are generally unreviewable on direct appeal because they involve matters outside of, or not fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). These matters not only implicate counsel's trial strategy and preparation, but also involve undeveloped factual matters such as the nature and contents of documents not received in evidence. The unexpanded record is insufficient to evaluate either the reasonableness or prejudice prongs of a state or federal ineffectiveness claim (*see People v Cortez*, 85 AD3d 409, 410 [1st Dept 2011], *lv denied* 19 NY3d 972 [2012]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

After defendant testified, on direct examination, that the undercover officer gave her a "tip" of a bag of cocaine for connecting her with a seller, the prosecutor stated that defendant was obviously pursuing an agency defense and requested permission to cross-examine her regarding several past convictions for selling drugs to show that she did not act as an agent of the buyer. The court concluded that the fairest course was to make a final determination regarding the permissibility of such cross-examination after the prosecutor had cross-examined defendant on other matters. The court ultimately permitted the cross-examination regarding the prior drug sales.

Prior drug sale convictions are clearly admissible in response to an agency defense (*see e.g. People v Massey*, 49 AD3d 462, 462 [2008], *lv denied* 10 NY3d 866 [2008]). Defendant argues, however, that in light of the fact that defense counsel had already informed the court, after the People rested, that an agency defense would be presented, it was error for the court to delay

ruling on the admissibility of the past drug sale convictions until after defendant's direct testimony. Defendant argues that this was an improper modification of the court's pretrial *Sandoval* ruling, which had precluded identification of these convictions as drug sales, and that the modification deprived her of "definitive advance knowledge of the scope of cross-examination as to prior conduct" (*People v Sandoval*, 34 NY2d 371, 375 [1974]). Defendant claims that her lawyer was ineffective because he failed to object to this belated modification.

Regardless of the nomenclature used by the court and counsel, the court's ruling was not a modification of its *Sandoval* ruling, but a ruling, pursuant to *People v Molineux* (168 NY 264 [1901]), that evidence of prior drug sale convictions was admissible to rebut the claim of lack of intent to sell implicit in an agency defense (*see People v Castaneda*, 173 AD2d 349 [1st Dept 1991]). As a result of the agency defense, the admissibility of the prior sales was no longer a *Sandoval* matter, because the sales were not simply admissible to impeach the credibility of defendant's testimony, but had become admissible as evidence in chief to prove intent. Even if counsel's announcement of the agency defense, before defendant's testimony, was as definitive as defendant claims, she had no legitimate expectation that she could give testimony that made out such a defense and escape questioning regarding past drug transactions in which she acted as a seller. Indeed, such evidence would have been admissible even if she did not take the stand at all, but instead asserted an agency defense on the basis of other evidence.

Accordingly, defendant has not established either that it was unreasonable for her attorney to acquiesce in the admission of the drug sales, and in the timing of the court's ruling, or that her attorney's conduct deprived her of a fair trial or affected the outcome. Similarly, we decline to review her unpreserved challenges to the court's ruling and its timing in the interest of justice. As an alternative holding, we find that the prior sale convictions were admissible, that defendant was not prejudiced by the sequence of events, and that there is no basis for reversal.

As noted, defendant's remaining claims of ineffective assistance are likewise unreviewable on the present record. To the extent the present record permits review, we conclude that defendant has not shown that any of the alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Gische, JJ.