Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered April 17, 2009, convicting him of criminal sale of a controlled substance in the *709 third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, he was not deprived of a fair trial by the prosecutor’s cross-examination of him. The cross-examination did not constitute badgering (cf. People v Bhupsingh, 297 AD2d 386, 387-388 [2002]), nor did the prosecutor declare her personal disbelief in and disapproval of the defendant’s answers (cf. People v Demko, 71 AD2d 608 [1979]; People v Sharp, 71 AD2d 1034 [1979]). The prosecutor’s vigorous cross-examination of the defendant was probative with respect to the crimes charged and the defendant’s veracity.
The defendant failed to preserve for appellate review his contentions that part of the testimony offered by Detective Demato constituted expert testimony, in violation of the court’s ruling that he was to testify only as a fact witness, or that his testimony constituted an impermissible lay opinion (see CPL 470.05 [2]). In any event, any error in admitting the testimony was harmless, as there was overwhelming evidence of the defendant’s guilt on the charges and no significant probability that the error contributed to his convictions (see People v Johnson, 57 NY2d 969, 971 [1982]; People v Crimmins, 36 NY2d 230 [1975]; People v Ukasoanya, 101 AD3d 911 [2012]).
Contrary to the defendant’s contention raised in his pro se supplemental brief, the County Court properly permitted the prosecutor to elicit testimony about the defendant’s prior criminal drug sale convictions. Although, as the defendant contends, cross-examination about his criminal narcotics sale convictions was not permitted under the court’s pretrial Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]), the court properly ruled, pursuant to People v Molineux (168 NY 264 [1901]), that the prosecutor could elicit that testimony to rebut the defendant’s agency defense (see People v Blue, 107 AD3d 443 [2013]; People v Massey, 49 AD3d 462 [2008]; People v Randall, 177 AD2d 661 [1991]; People v Castaneda, 173 AD2d 349 [1991]; People v Rosario, 122 AD2d 85 [1986]).
The defendant’s further contention, raised in his pro se supplemental brief, that his attorney failed to provide effective assistance of counsel by not affording him the right to testify before the grand jury is based upon matter dehors the record and, thus, cannot be reviewed on direct appeal (see People v Rohlehr, 87 AD3d 603, 604 [2011]; People v Miller, 68 AD3d 1135, 1135 [2009]). “The appropriate vehicle ... to allege ineffective assistance of counsel grounded in allegations referring to facts outside of the . . . record is pursuant to CPL 440.10, where *710 matters dehors the record may be considered” (People v Rohlehr, 87 AD3d at 604 [internal quotation marks omitted]). Skelos, J.E, Lott, Cohen and Hinds-Radix, JJ., concur.