People v Sidberry (2018 NY Slip Op 01569)





People v Sidberry


2018 NY Slip Op 01569


Decided on March 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2018

Friedman, J.P., Andrias, Singh, Moulton, JJ.


3239N/12 5957 5956

[*1]The People of the State of New York, Respondent,
v
Yuseiph Sidberry, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered October 31, 2013, as amended August 18, 2016, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 10 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 8 years, and otherwise affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including, among other things, counsel's strategy, analysis and pretrial preparations (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). The record does not establish defendant's claim that his counsel misunderstood or mishandled defendant's specific agency defense, which was that he acted as both an agent and as a buyer in his own right (see People v Andujas, 79 NY2d 113 [1992]). In any event, defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
The court providently exercised its discretion in permitting the People to refute defendant's agency defense by eliciting his prior convictions relating to the sale of drugs, including their underlying facts (see People v Valentin, 29 NY3d 150, 156 [2017]). The probative value of this evidence outweighed the potential for undue prejudice, which the court minimized by means of a limiting instruction (see People v Massey, 49 AD3d 462 [1st Dept 2008], lv denied 10 NY3d 866 [2008]). The court's Sandoval ruling, allowing impeachment use of these convictions and another felony conviction, likewise balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]).
Defendant did not preserve his claims that the prosecutor exceeded the scope of the court's rulings on the use of prior convictions, or misused these convictions in summation. Defendant also did not preserve any of his challenges to the court's main and supplemental [*2]agency charges. We decline to review any of these claims in the interest of justice. As an alternative holding, we find no basis for reversal.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 13, 2018
CLERK