■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE NELSON, Appellant. [625 NYS2d 249] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cirigliano, J.), rendered January 26, 1993, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the Supreme Court improperly denied his motion to set aside the verdict pursuant to CPL 330.30 (3). He argues that two police reports prepared by Police Officer Edwards shortly after defendant's arrest, but not turned over to the defendant until after the jury verdict was rendered against him, constituted newly discovered material which created a reasonable probability that the failure to disclose the reports affected the outcome of the trial. We disagree.

The defendant was aware that a police officer, with a canine partner, had been present at the scene of the arrest but failed to specifically request any reports prepared by that officer. Had the defendant done so, he would have obtained the reports prior to trial. Thus, the reports relied upon by the defendant cannot be considered newly discovered evidence within the meaning of CPL 330.30 (3) (see, People v Moore, 147 AD2d 924; People v Penoyer, 135 AD2d 42, affd 72 NY2d 936).

In any event, the evidence in question merely provided an inconsistent version of how the gun was discovered, but did not contradict the evidence connecting the gun to the defendant. Thus, it was not an improvident exercise of discretion for the Supreme Court to reject the defendant's argument that these reports constituted newly discovered evidence which would have created "a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; see, People v Slaughter, 37 NY2d 596, 601; see also, People v Rivera, 108 AD2d 829).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.