██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITUS MILLER, Appellant. [892 NYS2d 152]—

The evidence at a suppression hearing established that the showup identification of the defendant took place within 15 minutes of the crime and less than one-half mile from the crime scene, and was conducted for the reasonable purpose of securing a prompt and reliable identification. As such, the showup was not unduly suggestive and, therefore, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the identification testimony (*see People v Ortiz*, 90 NY2d 533 [1997]; *People v Johnson*, 81 NY2d 828 [1993]).

The Supreme Court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30 because it was based upon facts which were dehors the record (*see People v Herrington*, 194 AD2d 379 [1993]). "The appropriate vehicle . . . to allege ineffective assistance of counsel grounded in allegations referring to facts outside of the trial record is pursuant to CPL 440.10, where matters dehors the record may be considered" (*People v Bagarozy*, 182 AD2d 565, 566 [1992]).

The defendant's contention that, as applied to this case, the predicate violent felony statute results in a grossly disproportionate sentence is unpreserved for appellate review, and is, in any event, without merit (*see People v Mastropietro*, 198 AD2d 443 [1993]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.