THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA ROHLEHR, Appellant. [927 NYS2d 919]—

The defendant's contention that he is entitled to a new trial in light of newly discovered evidence is based on matter dehors the record and, therefore, is not properly before this Court on the defendant's direct appeal (*see People v Franklin*, 77 AD3d 676 [2010]). Further, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to set aside the verdict pursuant to CPL 330.30 (3) based upon newly discovered evidence. The defendant failed to demonstrate in his motion papers that this new evidence could not have been produced at trial with due diligence (*see People v Matthew*, 274 AD2d 485, 485-486 [2000]; *People v Hojas*, 271 AD2d 547, 547-548 [2000]; *People v Nelson*, 214 AD2d 589, 590 [1995]). To the extent the defendant also moved pursuant to CPL 330.30 (1) to set aside the verdict, that branch of the motion was also properly denied because the proffered grounds did not appear on the face of the record (*see* CPL 330.30 [1]).

The defendant's contention that he was deprived of the effective assistance of counsel is based on matter dehors the record, and cannot be reviewed on direct appeal (*see People v Miller*, 68 AD3d 1135 [2009]). "The appropriate vehicle . . . to allege ineffective assistance of counsel grounded in allegations referring to facts outside of the trial record is pursuant to CPL 440.10, where matters dehors the record may be considered" (*id.* [internal quotation marks omitted]). Skelos, J.P., Belen, Hall and Roman, JJ., concur.