■ The People of the State of New York, Respondent, v Kevin Palmer, Appellant. [943 NYS2d 778]—Appeal by the de-

fendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered August 9, 2010, convicting him of rape in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently made is unpreserved for appellate review since he did not move to withdraw his plea on that ground prior to sentencing (*see* CPL 470.05 [2]; *People v Hernandez-Bautista*, 89 AD3d 749 [2011]; *People v Gantt*, 85 AD3d 815, 816 [2011]). In any event, the plea was knowingly, voluntarily, and intelligently made (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9 [1983]).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied*, 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The defendant's remaining contentions are without merit. Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.