*599 The defendant’s present contentions that he was arrested without probable cause and that the showup identifications made by two eyewitnesses were unduly suggestive, raised in his pro se supplemental brief, are unpreserved for appellate review (see CPL 470.05 [2]; see People v Parker, 74 AD3d 1365, 1366 [2010] ; People v Hamdam, 58 AD3d 752 [2009]). In any event, these contentions are without merit (see People v Duuvon, 77 NY2d 541, 544 [1991]; People v Arnico, 78 AD3d 1190 [2010]; People v Cruz, 31 AD3d 660, 661 [2006]; People v Smith, 271 AD2d 332 [2000]; People v Grassia, 195 AD2d 607 [1993]; People v Monforte, 183 AD2d 851, 852 [1992]). The defendant’s reliance on trial testimony to challenge the hearing court’s determination is improper, since he failed to move to reopen the suppression hearing (see People v Wellington, 84 ADSd 984, 985 [2011] ; People v Rice, 39 AD3d 567, 568 [2007]; People v Boynton, 35 AD3d 875, 876 [2006]).
Any prejudice that may have resulted from the prosecutor’s questioning of the defendant about a prior marijuana arrest in the absence of a Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) was alleviated when the Supreme Court sustained the defendant’s objection to the question and provided a curative instruction to the jury (see People v Rayford, 80 AD3d 780, 781 [2011]; People v McNeil, 77 ADSd 685 [2010]).
The defendant’s contentions that reversible error resulted from certain allegedly improper questions the prosecutor asked him during cross-examination, from certain testimony elicited from the rebuttal witness during direct examination, and from allegedly improper summation remarks are largely unpreserved for appellate review (see CPL 470.05 [2]; People v West, 86 ADSd 583, 584 [2011]; People v Prowse, 60 AD3d 703, 704 [2009]; People v Crawford, 54 AD3d 961, 962 [2008]). In any event, to the extent that some of the prosecutor’s questioning of the defendant on cross-examination was improper, it does not warrant reversal. Moreover, the challenged testimony that the prosecutor elicited from the rebuttal witness does not warrant reversal *600 (see People v Bryant, 39 AD3d 768, 769 [2007]; People v Siriani, 27 AD3d 670 [2006]; People v Overlee, 236 AD2d 133, 136 [1997]). Furthermore, the prosecutor’s remarks during summation were mostly fair comment on the evidence, permissible rhetorical comment, or responsive to the summation of defense counsel (see People v Dorgan, 42 AD3d 505, 505 [2007]; People v McHarris, 297 AD2d 824, 825 [2002]; People v Clark, 222 AD2d 446, 447 [1995]; People v Vaughn, 209 AD2d 459, 459-460 [1994]). To the extent that some of the comments were improper, they were sufficiently addressed by the trial court’s instructions to the jury (see People v Evans, 291 AD2d 569 [2002]; People v Brown, 272 AD2d 338, 339 [2000]), or were not so flagrant as to deny the defendant a fair trial (see People v Jenkins, 93 AD3d 861 [2012]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s contention that he was denied the effective assistance of counsel, raised in his pro se supplemental brief, is without merit (see People v Baldi, 54 NY2d 137, 147 [1981]; see also People v Caban, 5 NY3d 143, 156 [2005]).
The defendant’s remaining contentions, raised in his pro se supplemental brief, are without merit. Rivera, J.R, Dickerson, Hall and Miller, JJ., concur.