■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP BLACKWOOD, Appellant. [969 NYS2d 148]—

Appeal by the defendant from an amended judgment of the County Court, Westchester County (Warhit, J.), rendered September 13, 2011, revoking a sentence of probation previously imposed by the same court (Colangelo, J.), upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of driving while ability impaired in violation of Vehicle and Traffic Law § 1192 (1).

Ordered that the amended judgment is affirmed.

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based on matter dehors the record, and thus it cannot be reviewed on

direct appeal (*see People v Rohlehr*, 87 AD3d 603, 604 [2011]; *People v Miller*, 68 AD3d 1135, 1135 [2009]). " 'The appropriate vehicle . . . to allege ineffective assistance of counsel grounded in allegations referring to facts outside of the . . . record is pursuant to CPL 440.10, where matters dehors the record may be considered' " (*People v Rohlehr*, 87 AD3d at 604, quoting *People v Miller*, 68 AD3d at 1135).

The defendant's valid waiver of his right to appeal from the amended judgment precludes review of his claim that the sentence imposed was excessive (*see People v Ducheneaux*, 97 AD3d 852, 853 [2012]; *People v Walker*, 23 AD3d 588, 589 [2005]; *People v Gorovoy*, 309 AD2d 764, 764 [2003]; *see also People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 255 [2006]). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.