— Appeals by the defendant from two judgments of the Supreme Court, Rockland County (Kelly, J.), both rendered June 14, 2011, convicting him of burglary in the third degree under indictment No. 10-00284 and criminal sale of a controlled substance in the third degree under indictment No. 10-00496, upon his pleas of guilty, and imposing sentences.
Ordered that the judgments are affirmed.
*957 By pleading guilty, the defendant forfeited his claim that he was deprived of his right to testify before the grand jury (see People v Benitez, 84 AD3d 826, 826-827 [2011]).
The defendant’s contention, raised in his pro se supplemental brief, that he was deprived of the constitutional right to the effective assistance of counsel, as well as his other contentions raised therein, are based on matter outside the record and, thus, cannot be reviewed on direct appeal (see People v Rohlehr, 87 AD3d 603, 604 [2011]; People v Miller, 68 AD3d 1135, 1135 [2009]). Here, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). “ ‘The appropriate vehicle’ ” for reviewing claims “ ‘referring to facts outside of the . . . record is pursuant to CPL 440.10, where matters dehors the record may be considered’ ” (People v Rohlehr, 87 AD3d at 604, quoting People v Miller, 68 AD3d at 1135). Mastro, J.E, Balkin, Sgroi and Hinds-Radix, JJ., concur.