*673 Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered November 15, 2012, convicting him of robbery in the first degree and robbery in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
A motion to withdraw a plea of guilty rests within the sound discretion of the trial court (see People v McGhee, 62 AD3d 1027 [2009]), and its determination generally will not be disturbed absent an improvident exercise of discretion (see People v DeLeon, 40 AD3d 1008, 1009 [2007]). Here, the Supreme Court providently exercised its discretion in denying the defendant’s motion to withdraw his plea of guilty. The defendant submitted no evidence to substantiate his assertion that he was heavily medicated during the plea hearing and, indeed, his testimony at the plea hearing specifically contradicts that claim (see People v Wiedmer, 71 AD3d 1067 [2010]; cf. People v M’Lady, 59 AD3d 568 [2009]).
The defendant’s claims of ineffective assistance of counsel cannot be reviewed on direct appeal because they are based on matter outside the record on appeal (see People v Rohlehr, 87 AD3d 603, 604 [2011]; People v Miller, 68 AD3d 1135, 1135 [2009]). “ ‘The appropriate vehicle ... to allege ineffective assistance of counsel grounded in allegations referring to facts outside of the . . . record is pursuant to CPL 440.10, where matters dehors the record may be considered’ ” (People v Rohlehr, 87 AD3d at 604, quoting People v Miller, 68 AD3d at 1135).
The defendant’s valid waiver of his right to appeal precludes review of his remaining contention (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Sanders, 112 AD3d 748 [2013]).
Dillon, J.E, Leventhal, Chambers and LaSalle, JJ., concur.