■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER WALTERS, Appellant. [992 NYS2d 124]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered May 8, 2012, convicting him of driving while intoxicated per se in violation of Vehicle and Traffic Law § 1192 (2), driving while intoxicated as a felony in violation of Vehicle and Traffic Law § 1192 (3), and failing to stop at a stop sign, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Grella, J.), of the suppression, inter alia, of the defendant's statements to law enforcement officials.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of failing to stop at a stop sign and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was charged, inter alia, with two counts of failing to stop at a stop sign (Vehicle and Traffic Law § 1172), but was convicted of that offense under only one of those counts. The two counts related to two different stop signs, at different locations. The identically worded counts failed to identify which stop sign was the subject of which count, and the trial court's instructions to the jury did not link each count to a specific stop sign. The defendant contends that, accordingly, his conviction of failing to stop at a stop sign should be vacated. Although the defendant failed to preserve this claim for appellate review, we vacate the conviction of failing to stop at a stop sign and the sentence imposed thereon, and dismiss that count of the indictment, in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Aponte*, 249 AD2d 553, 555 [1998]; *People v Jones*, 233 AD2d 342, 342 [1996]).

The defendant's current contentions in support of his claim that the Supreme Court should have suppressed certain evidence on the ground that the police lacked reasonable suspicion to stop his vehicle and probable cause to arrest him were not asserted at the suppression hearing and, thus, are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bowen-Allen*, 97 AD3d 598, 599 [2012]; *People v Parker*, 74 AD3d 1365, 1366 [2010]). They are, in any event, without merit (*see People v Frazier*, 33 AD3d 934, 935 [2006]; *People v Robinson*, 140 AD2d 723, 723 [1988], *affd* 74 NY2d 773 [1989]).

The defendant's allegations in support of his claim of ineffective assistance of counsel concern matter dehors the record and, thus, may not be reviewed on direct appeal (*see People v Crawford*, 115 AD3d 672 [2014]).

The defendant's remaining contention is without merit. Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.