■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR FISHER, Appellant. [995 NYS2d 167]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered January 18, 2012, convicting him of criminal possession of a weapon in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to criminal possession of a weapon in the first degree and waived his right to appeal the conviction and sentence. On appeal, the defendant does not challenge the voluntariness of the plea or the appeal waiver. However, the defendant challenges the constitutionality of Penal Law § 265.04 (2) on Second Amendment (US Const 2d Amend) grounds and contends that his conviction violates the ex post facto clause of the federal constitution (US Const, art I, § 10 [1]). These contentions are barred by the defendant's appeal waiver (*see People v Keebler*, 15 AD3d 724, 727 [2005]). Similarly, the defendant's nonjurisdictional challenge to the accusatory instrument was forfeited by his guilty plea and barred by his appeal waiver (*see People v Skya*, 43 AD3d 1190 [2007]).

The defendant's ineffective assistance of counsel claims are also precluded, except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea (*see People v Montalvo*, 105 AD3d 774, 775 [2013]; *People v Ramos*, 77 AD3d 773, 774 [2010]). Insofar as the defendant contends that his counsel's conduct affected the voluntariness of the plea, the contention is based on matter dehors the record and, thus, cannot be reviewed on direct appeal (*see People v Wornell*, 112 AD3d 656 [2013]; *People v Folger*, 110 AD3d 736 [2013]; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). The appropriate vehicle to allege ineffective assistance of counsel based on matter dehors the record is pursuant to CPL 440.10 (*see People v Folger*, 110 AD3d at 736; *People v Rohlehr*, 87 AD3d at 604).

The defendant's remaining contentions are without merit. Rivera, J.P., Hall, Austin and Roman, JJ., concur.