THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO BRUNO, Appellant. [7 NYS3d 408]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered October 29, 2008, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the testimony regarding his membership in a particular gang and an incident that occurred one week prior to the subject stabbing was relevant to the issue of the defendant's motive and to his claim of justification, and explained the relationship between the parties (*see People v Kims*, 24 NY3d 422 [2014]; *People v Jordan*, 74 AD3d 986 [2010]; *People v Faccio*, 33 AD3d 1041, 1042 [2006]; *People v Herrera*, 287 AD2d 579 [2001]). Thus, the Supreme Court providently exercised its discretion in admitting such evidence, since its probative value outweighed any prejudice to the defendant (*see generally People v Cass*, 18 NY3d 553, 560 [2012]; *People v Hudy*, 73 NY2d 40, 55 [1988]; *People v Alvino*, 71 NY2d 233, 242 [1987]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

The defendant's allegations in support of his claim of ineffective assistance of counsel concern matter dehors the record and, thus, may not be reviewed on direct appeal (*see People v Fisher*, 121 AD3d 1013 [2014]; *People v Walters*, 120 AD3d 1272, 1273 [2014]; *People v Crawford*, 115 AD3d 672, 673 [2014]; *People v McNair*, 114 AD3d 881 [2014]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Maltese and Duffy, JJ., concur.