■ The People of the State of New York, Respondent, v Quaran Wills, Appellant. [41 NYS3d 542]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered April 28, 2015, convicting him of robbery in the first degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 14 years, to be followed by a period of five years of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 14 years, to be followed by a period of five years of postrelease supervision, to a determinate term of imprisonment of nine years, to be followed by a period of five years of postrelease supervision; as so modified, the judgment is affirmed.

"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Hesterbey, 121 AD3d 1127, 1128 [2014] [internal quotation marks omitted]; see People v Mullings, 83 AD3d 871, 872 [2011]; People v Fearon, 182 AD2d 698, 699 [1992]). Here, weighing the gravity of the crime, which caused serious and permanent injuries to the victim, the defendant's juvenile record, the recommendation in the presentence report, and the defendant's lack of cooperation with the police, against the mitigating circumstances, including the defendant's psychological diagnoses, his history of having been abused and neglected, and his prospects for rehabilitation and hope for a future

constructive life, the County Court providently exercised its discretion in denying the defendant's application for youthful offender status (*see People v Cruickshank*, 105 AD2d 325, 334 [1985]; *see also People v Middlebrooks*, 25 NY3d 516, 527 [2015]; *People v Amir W.*, 107 AD3d 1639, 1640 [2013]).

However, the sentence imposed was excessive to the extent indicated herein (*see People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Suitte*, 90 AD2d 80, 83-84 [1982]; *see also People v Crew*, 114 AD3d 696, 697 [2014]; *People v Green*, 110 AD3d 825, 826 [2013]). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.