People v Stevens (2018 NY Slip Op 04760)





People v Stevens


2018 NY Slip Op 04760


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-01182
 (Ind. No. 14-00831)

[*1]The People of the State of New York, respondent,
v
Miquan Stevens, appellant.


John R. Lewis, Sleepy Hollow, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barry E. Warhit, J.), rendered January 6, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the County Court improvidently exercised its discretion in denying, without further inquiry, his request for new assigned counsel, made four days prior to the start of pretrial hearings. When a defendant's request on its face suggests a serious possibility of irreconcilable conflict with defense counsel, the trial court is obliged to make some minimal inquiry to determine whether the request has a genuine basis (see People v Sides, 75 NY2d 822, 825; People v Medina, 44 NY2d 199, 207). Such inquiry is not required when the defendant's request is based on conclusory statements or generalized assertions (see People v Moore, 228 AD2d 622; People v Gaines, 212 AD2d 727, 727-728). "Whether counsel is substituted is within the discretion and responsibility' of the trial judge" (People v Porto, 16 NY3d 93, 99, quoting People v Medina, 44 NY2d at 207). Here, the defendant's generalized assertion that he needed a new attorney did not warrant further inquiry, and the denial of the defendant's request was proper (see People v Moore, 228 AD2d at 622).
The defendant's claims of ineffective assistance of counsel cannot be reviewed on direct appeal because they are based on matters outside the record on appeal (see People v Rohlehr, 87 AD3d 603, 604; People v Miller, 68 AD3d 1135, 1135). " The appropriate vehicle . . . to allege [*2]ineffective assistance of counsel grounded in allegations referring to facts outside of the . . . record is pursuant to CPL 440.10, where matters dehors the record may be considered'" (People v Rohlehr, 87 AD3d at 604, quoting People v Miller, 68 AD3d at 1135 [internal quotation marks omitted]).
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court