People v Avilacruz (2019 NY Slip Op 04188)





People v Avilacruz


2019 NY Slip Op 04188


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-02726

[*1]The People of the State of New York, respondent,
v
Herlin Avilacruz, appellant. (Ind No. 85/17)


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered October 27, 2017, convicting him of attempted endangering the welfare of a child, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as the defendant did not move to withdraw his plea or otherwise raise this issue before the County Court (see People v Lopez, 71 NY2d 662, 665; People v Jackson, 114 AD3d 807). The exception to the preservation requirement does not apply because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666; People v Fontanet, 126 AD3d 723). In any event, the defendant's contention is without merit. The defendant argues that the factual allocution at the plea proceeding was insufficient. "[A]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime" (People v Goldstein, 12 NY3d 295, 301; see People v Seeber, 4 NY3d 780, 781). A plea allocution is sufficient where, as here, the allocution demonstrates that the defendant understood the charges and made an intelligent decision to enter a guilty plea (see People v Goldstein, 12 NY3d at 301; People v Ramos, 164 AD3d 922, 923).
By pleading guilty, the defendant forfeited appellate review of his claim of ineffective assistance of counsel to the extent that the claim does not directly involve the plea negotiation process and sentence (see People v King, 169 AD3d 1060; People v Martinez, 155 AD3d 1063). To the extent that the defendant's contentions are related to the voluntariness of the plea, they cannot be reviewed on direct appeal because they are based on matter outside the record on appeal (see People v Stevens, 162 AD3d 1077, 1078; People v Rohlehr, 87 AD3d 603, 604; People v Miller, 68 AD3d 1135, 1135). The appropriate vehicle to allege ineffective assistance of counsel grounded in allegations referring to facts outside the record is a proceeding pursuant to CPL 440.10, where matter dehors the record may be considered (see People v Stevens, 162 AD3d at 1078; People v Rohlehr, 87 AD3d at 604; People v Miller, 68 AD3d at 1135).
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court