People v Small (2022 NY Slip Op 01327)





People v Small


2022 NY Slip Op 01327


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-09897
 (Ind. No. 17-00986)

[*1]The People of the State of New York, respondent,
v
Paul Small, appellant.


Jerry F. Kebrdle II, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barry E. Warhit, J.), rendered August 1, 2018, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, assault in the second degree, and driving while intoxicated, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of the right to appeal was invalid. The record reflects that the County Court made its own offer of sentence to the defendant and required the defendant to waive his right to appeal, without setting forth any reason for demanding an appeal waiver (see People v Esposito, 187 AD3d 781; People v Sutton, 184 AD3d 236, 244-245). Moreover, the court's oral colloquy improperly suggested that the waiver encompassed an absolute bar to the taking of a direct appeal (see People v Thomas, 34 NY3d 545, 565; People v Seymour, 189 AD3d 1269, 1270). Thus, the defendant's purported waiver of the right to appeal does not preclude appellate review of his challenge to the plea allocution.
However, the defendant's contentions that the plea allocution was insufficient because it was conducted by the prosecutor and elicited only one-word responses are unpreserved for appellate review (see People v Najera, 170 AD3d 753, 754-755) and, in any event, without merit (see id. at 755; People v Singh, 158 AD3d 824, 825; People v Johnson, 140 AD3d 1188, 1189).
Further, the defendant argues that his plea of guilty was not knowingly, voluntarily, and intelligently entered because the County Court failed to inquire into whether he was aware of a possible intoxication defense. However, contrary to the defendant's contention, his plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Harris, 61 NY2d 9; People v Murry, 185 AD3d 722).
The defendant's claim of ineffective assistance of counsel cannot be reviewed on direct appeal because it is based on matter outside the record (see People v Stewart, 200 AD3d 723, 723; People v Rohlehr, 87 AD3d 603, 604; People v Miller, 68 AD3d 1135, 1135). "'The appropriate vehicle . . . to allege ineffective assistance of counsel grounded in allegations referring [*2]to facts outside of the . . . record is pursuant to CPL 440.10, where matters dehors the record may be considered'" (People v Rohlehr, 87 AD3d at 604, quoting People v Miller, 68 AD3d at 1135; see People v Stevens, 162 AD3d 1077).
The defendant's remaining contentions are without merit.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court