People v Torres (2023 NY Slip Op 02335)

People v Torres

2023 NY Slip Op 02335

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.

2022-01347
 (Ind. No. 70006/21)

[*1]The People of the State of New York, respondent 
v
Mathew Torres, appellant.

Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Helen M. Blackwood, J.), rendered December 15, 2021, convicting him of manslaughter in the first degree and assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record reflects that, as a condition of the promised sentence, the County Court imposed a requirement that the defendant waive his right to appeal. As a general matter, "whether to seek the inclusion of an appeal waiver in a plea bargain is the prerogative of the People" (People v Sutton, 184 AD3d 236, 244). While it is possible that "there may be circumstances where the trial court has a legitimate interest in conditioning its acceptance of a plea and determination of a sentence upon an appeal waiver that the prosecution has not requested," a court which demands such a waiver "should articulate on the record its reasons for doing so" (id. at 244). Here, the generic reasons proffered by the court for insisting upon an appeal waiver—saving judicial resources and avoiding the prospect of a trial—were insufficient to warrant the imposition, in this case, of a requirement that the defendant waive his right to appeal. Thus, the defendant's waiver of his right to appeal is unenforceable (see People v Yancey, 204 AD3d 1044; People v Small, 203 AD3d 756; People v Esposito, 187 AD3d 781; People v Sutton, 184 AD3d at 244-245).
Turning to the merits, "[t]he determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Wills, 144 AD3d 952, 952 [internal quotation marks omitted]). Here, notwithstanding the mitigating factors identified by the defendant, the County Court did not improvidently exercise its discretion in declining to adjudicate the defendant a youthful offender.
BARROS, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court