People v Johnson (2024 NY Slip Op 01275)

People v Johnson

2024 NY Slip Op 01275

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024

Before: Oing, J.P., Kapnick, Shulman, Rodriguez, O'Neill Levy, JJ. 

Ind. No. 73320/22 Appeal No. 1893 Case No. 2023-01900 

[*1]The People of the State of New York, Respondent,
v
Omar Johnson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered March 28, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years' probation, unanimously affirmed.
Based on the totality of the circumstances, including the clear, accurate, and comprehensive communication of the nature and consequences of the appeal waiver by the court and in the written waiver that defendant signed, we find that defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]).
Defendant's valid waiver of his right to appeal forecloses review of his claim that his weapon possession conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). We decline to follow the Fourth Department's decision in People v Benjamin, in which the Court held that the "defendant's challenge to the constitutionality of Penal Law § 265.03 in light of [Bruen] is not barred by the waiver inasmuch as that challenge relates to 'a right of constitutional dimension going to "the very heart of the process"'" (216 AD3d 1457 [4th Dept 2023], quoting People v Lopez, 6 NY3d 248, 255 [2006]; but see People v Fisher, 121 AD3d 1013 [2d Dept 2014], lv denied 24 NY3d 1119 [2015]).
The "narrow class of appellate claims" that are "unwaivable as part of a plea bargain" are "grounded in the integrity of our criminal justice system and the reality of fairness in the process," and "implicate either an infirmity in the waiver itself or a public policy consideration that transcends the individual concerns of a particular defendant to obtain appellate review" (People v Muniz, 91 NY2d 570, 574 [1998] [internal quotation marks omitted]). The "process" to which this standard refers is the core process of adjudicating guilt or innocence and imposing punishment. Of course, the issues that meet the standard include the several issues traditionally enumerated in a valid appeal waiver colloquy, each of which is integral to a fair trial process: a constitutional speedy trial claim, a claim that the sentence imposed was illegal, a claim that the defendant is not competent to stand trial, and a claim that either the plea or the appeal waiver was involuntary. Beyond these fundamental issues, determinations that an issue goes to the very heart of the process are rare (see e.g. People v Pacherille, 25 NY3d 1021 [2015]), and New York courts have held that myriad claims of constitutional dimension do not qualify for the very limited class of issues that cannot be voluntarily waived (see e.g. Muniz, 91 NY2d at 573; People v Suarez, 110 AD3d 420 [1st Dept 2013], lv denied 22 NY3d 1044 [2013]; People v Doyle, 82 AD3d 564 [1st Dept 2011], lv denied 17 NY3d 805 [2011]; People v Rodriguez-Ortiz, 23 AD3d 204 [1st Dept 2005], lv denied 6 NY3d 817 [2006]; People v Williams, 204 AD2d 116 [*2][1st Dept 1994], lv denied 84 NY2d 835 [1994]).
Notably, the standard for determining whether an issue is waivable on appeal is identical to that employed in determining whether the narrow mode of proceedings exception to the preservation rule applies. In People v Hanley, the Court of Appeals described mode of proceedings errors as a "tightly circumscribed class" that excludes "most errors of constitutional dimension" and "encompasses only the most fundamental flaws that implicate jurisdictional matters . . . or rights of a constitutional dimension that go to the very heart of the process" (20 NY3d 601, 604-605 [2013] [internal quotation marks and citation omitted]). Applying this standard, New York courts have long held that a claim that a statute is unconstitutional is subject to the preservation requirement and does not implicate the mode of proceedings exception. Indeed, the Court of Appeals recently specifically so held with regard to claims that a statute is unconstitutional under Bruen (see People v David, — NY3d &mdash, 2023 NY Slip Op 05970 [2023]).
Defendant's constitutional challenge to the third-degree weapon possession statute did not go to the heart of the adjudicative process, and plainly does not do so any more than the host of constitutional claims that have been held waivable on appeal. Thus, there is no principled reason to conclude that defendant's claim cannot be waived.
As an alternative holding, we find that on the present record, defendant lacked standing to challenge New York's gun licensing scheme because he did not apply for a gun license (see United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]) and that he has failed to establish that his conviction is unconstitutional under Bruen (see People v Cherif, 220 AD3d 543 [1st Dept 2023], lv denied 40 NY3d 1079 [2023]; People v DeLarosa, 219 AD3d 1230 [1st Dept 2023], lv denied 40 NY3d 1080 [2023]; People v Adames, 216 AD3d 519, 520 [1st Dept 2023], lv denied 40 NY3d 949 [2023]).
Defendant's valid waiver of his right to appeal also forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2024