People v Khan (2024 NY Slip Op 01682)

People v Khan

2024 NY Slip Op 01682

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Singh, J.P., Moulton, Friedman, Scarpulla, O'Neill Levy, JJ. 

Ind. No. 71654/22 Appeal No. 1927 Case No. 2022-05099 

[*1]The People of the State of New York, Respondent,
v
Hafeez Khan, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered November 3, 2022, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him to a term of five years of probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
Defendant's Second Amendment claim is likewise waived (see People v Omar Johnson, — AD3d &mdash, 2024 NY Slip Op 01275 [1st Dept 2024]), and, in any case, requires preservation (see People v Cabrera, — NY3d &mdash, 2023 NY Slip Op 05968 [2023]). We decline to review the claim in the interest of justice. As an alternative holding, we find that on the present record, defendant has failed to establish that he has standing to challenge Penal Law § 265-01(b)(1), or that the statute is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Johnson, 2024 NY Slip Op 01275).
Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see People v Gomez, 186 AD3d 422, 423-424 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024