People v Jackson (2024 NY Slip Op 01679)

People v Jackson

2024 NY Slip Op 01679

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Singh, J.P., Moulton, Friedman, Scarpulla, O'Neill Levy, JJ. 

Ind. No. 71287/21 Appeal No. 1923 Case No. 2022-04922 

[*1]The People of the State of New York, Respondent,
v
Andre Jackson, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered November 1, 2022, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree and criminal possession of a firearm, and sentencing him, as a second felony offender, to an aggregate term of four years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
Defendant's Second Amendment challenge is likewise waived (see People v Johnson, — AD3d —, 2024 NY Slip Op 01275 [1st Dept 2024]), and, in any case, is unpreserved (see People v Cabrera, — NY3d —, 2023 NY Slip Op 05968 [2023]). We decline to review it in the interest of justice. Defendant's contention that we should address his claim because his counsel rendered ineffective assistance in failing to raise it is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see People v Gomez, 186 AD3d 422, 423-424 [1st Dept 2020]). As an alternative holding, we find that on the present record, defendant has failed to establish that he has standing to challenge Penal Law § 265.01-b(1), or that the statute is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Johnson, 2024 WL 1055924).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024