People v Collins (2024 NY Slip Op 01876)

People v Collins

2024 NY Slip Op 01876

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Kern, J.P., Singh, González, Pitt-Burke, Rosado, JJ. 

Ind. No. 404/20 Appeal No. 1992 Case No. 2022-04350 

[*1]The People of the State of New York, Respondent,
v
Antonio Collins, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Laurence E. Busching, J.), rendered December 17, 2021, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him five years' probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). The combination of the court's oral colloquy with defendant, and the written waiver that he signed after consultation with counsel, established that defendant had been adequately apprised of the appellate rights being waived. The waiver forecloses review of defendant's Second Amendment challenge to his conviction (see People v Johnson, — AD3d —, 2024 NY Slip Op 01275 [1st Dept 2024]).
Moreover, defendant's Second Amendment claim is unpreserved (see People v Cabrera, — NY3d —, —, 2023 NY Slip Op 05968, *2-7 [2023]), and we decline to consider it in the interest of justice. As an alternative holding we find that, on the present record, defendant has failed to establish that he has standing to challenge Penal Law § 265.01-b(1) or that this statute is unconstitutional in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Johnson, — AD3d —, —, 2024 NY Slip Op 01275, *3).
Defendant's valid appeal waiver also forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024