People v Rodriguez (2024 NY Slip Op 01895)

People v Rodriguez

2024 NY Slip Op 01895

Decided on April 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 09, 2024

Before: Webber, J.P., Moulton, Kennedy, Rodriguez, O'Neill Levy, JJ. 

Ind. No. 507/21 Appeal No. 1998 Case No. 2022-04901 

[*1]The People of the State of New York, Respondent,
v
Johnny Rodriguez, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered October 18, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
Defendant's waiver of his right to appeal forecloses review of his Second Amendment claim (see People v Johnson, __ AD3d __, 2024 NY Slip Op 01275 [1st Dept 2024]). Regardless of the waiver, defendant's claim is also unpreserved (see People v Cabrera, __ NY3d __, __, 2023 NY Slip Op 05968, *2-7 [2023]), and we decline to consider it in the interest of justice. As an alternative holding, we find that on the present record defendant lacked standing to challenge New York's gun licensing scheme because there is no indication that he applied for a gun license (see United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]) and, moreover, that he has failed to establish that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2002])(see People v Cherif, 220 AD3d 543 [1st Dept 2023], lv denied 40 NY3d 1079 [2023]; People v DeLarosa, 219 AD3d 1230 [1st Dept 2023], lv denied 40 NY3d 1080 [2023]; People v Adames, 216 AD3d 519, 520 [1st Dept 2023], lv denied 40 NY3d 949 [2023]).
Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see People v Holder, __ AD3d __, 2024 NY Slip Op 00814 [1st Dept 2024]; see also People v Maffei, 35 NY3d 264, 269-270 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 9, 2024