People v Castillo (2024 NY Slip Op 02154)

People v Castillo

2024 NY Slip Op 02154

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Ind. No. 72209/22 Appeal No. 2111 Case No. 2023-00939 

[*1]The People of the State of New York, Respondent,
v
Victor Castillo, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Larry Glasser of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven J. Hornstein, J.), rendered January 12, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years' probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see generally People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). During the plea proceeding, the court elicited factual admissions and an admission of guilt from defendant before explaining the trial rights that defendant was automatically forfeiting by pleading guilty and the waiver of the right to appeal. Although it would have been better practice for the court to defer the factual allocution, and any exchange resembling the entry of a guilty plea, until after discussion of both the trial rights forfeited by a guilty plea and the appeal waiver, the record here establishes that defendant had "a full appreciation of the consequences" of the waiver (People v Seaberg, 74 NY2d 1, 11 [1989]) and that the waiver was voluntary under the "totality of the circumstances" (Thomas, 34 NY3d at 559). The relevant circumstances included the clear and comprehensive explanations of the nature of the appellate rights being waived in both the court's oral colloquy and the written waiver; defendant's explicit acknowledgments, in the colloquy and written waiver, that the right to appeal is separate and distinct from the trial rights automatically forfeited upon pleading guilty; the leniency and desirability of the sentence agreed to; the active involvement of competent counsel; and the court's repeated elicitations of defendant's acknowledgements that he had discussed the waiver with counsel, understood the nature and consequences of the waiver, and was voluntarily waiving the right to appeal (see id. at 560-562). The valid waiver forecloses review of defendant's Second Amendment and excessive sentence claims (see People v Johnson, — AD3d &mdash, 2024 NY Slip Op 01275 [1st Dept 2024]).
Regardless of whether defendant validly waived his right to appeal, we find that defendant lacked standing to challenge New York's gun licensing scheme because he did not apply for a gun license (see United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]), and that he has failed to establish that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Cherif, 220 AD3d 543 [1st Dept 2023], lv denied 40 NY3d 1079 [2023]; People v DeLarosa, 219 AD3d 1230 [1st Dept 2023], lv denied 40 NY3d 1080 [2023]; People v Adames, 216 AD3d 519, 520 [1st Dept 2023], lv denied 40 NY3d 949 [2023]). We also perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024