People v White (2025 NY Slip Op 00341)

People v White

2025 NY Slip Op 00341

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-01412
 (Ind. No. 71086/22)

[*1]The People of the State of New York, respondent,
v
Amiyn White, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Eugene M. Guarino, J.), rendered January 24, 2023, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his waiver of the right to appeal was valid. Although much of the discussion of the waiver of the right to appeal took place after the defendant had admitted his guilt, the defendant acknowledged that an appeal waiver was a condition of the plea agreement prior to his plea of guilty and admission of guilt. Thus, it cannot be said that the defendant "received no material benefit from his appeal waiver," or that the appeal waiver "was a gratuitous, after-the-fact additional demand asserted after the bargain had already been struck" (People v Sutton, 184 AD3d 236, 245; see People v Bryant, 28 NY3d 1094, 1095-1096; People v Williams, 227 AD3d 480, 481). Under the totality of the circumstances, including the exemplary explanation of the right to appeal provided to the defendant and the defendant's age, experience, and background, the waiver was knowing, voluntary, and intelligent (see People v Sanders, 25 NY3d 337, 340; People v Bradshaw, 18 NY3d 257, 264).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his conviction is unconstitutional in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) (see People v Johnson, 225 AD3d 453, 453-454; People v Fisher, 121 AD3d 1013; but see People v Benjamin, 216 AD3d 1457), as well as his contention that the period of postrelease supervision imposed as part of his sentence was excessive (see People v Lopez, 6 NY3d 248, 256).
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court