People v Felipe (2025 NY Slip Op 01640)

People v Felipe

2025 NY Slip Op 01640

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-05117
 (Ind. No. 74104/22)

[*1]The People of the State of New York, respondent,
v
Shemuel Felipe, appellant.

Patricia Pazner, New York, NY (Alexa Askari of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Eugene M. Guarino, J.), rendered May 16, 2023, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his waiver of the right to appeal was valid. Although much of the discussion of the waiver of the right to appeal took place after the defendant had admitted his guilt, the Supreme Court advised the defendant prior to the defendant's plea of guilty and admission of guilt that the appeal waiver was part of the bargained-for benefit he received with his plea (see People v Thomas, 34 NY3d 545, 558; People v Victor, _____ AD3d _____, 2025 NY Slip Op 00887; People v White, _____ AD3d _____, 2025 NY Slip Op 00341). Further, the court confirmed that the defendant had discussed the appeal waiver with his counsel. Under the totality of the circumstances, including the exemplary explanation of the right to appeal provided to the defendant, the record reflects that the defendant had a full appreciation of the terms and consequences of his appeal waiver and that the waiver was knowing, voluntary, and intelligent (see People v Sanders, 25 NY3d 337, 340; People v Bradshaw, 18 NY3d 257, 264; People v Victor, _____ AD3d _____, 2025 NY Slip Op 00887; People v White, _____ AD3d _____, 2025 NY Slip Op 00341).
The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the constitutionality of the indictment charging him with, inter alia, criminal possession of a firearm, in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) (see People v Victor, _____ AD3d _____, 2025 NY Slip Op 00887; People v White, _____ AD3d _____, 2025 NY Slip Op 00341; People v Johnson, 225 AD3d 453, 453-454; People v Fisher, 121 AD3d 1013; but see People v Benjamin, 216 AD3d 1457).
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court