People v Clarke (2025 NY Slip Op 06071)

People v Clarke

2025 NY Slip Op 06071

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DONNA-MARIE E. GOLIA
SUSAN QUIRK, JJ.

2023-06972

[*1]The People of the State of New York, respondent,
v
Antoinette Clarke, appellant. (S.C.I. No. 72274/23)

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Brendan Ransom on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Jerry J. Iannece, J.), rendered July 14, 2023, convicting her of attempted grand larceny in the third degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record reflects that, as a condition of the promised sentence, the Supreme Court imposed a requirement that the defendant waive her right to appeal. As a general matter, "whether to seek the inclusion of an appeal waiver in a plea bargain is the prerogative of the People" (People v Sutton, 184 AD3d 236, 244; see People v Torres, 216 AD3d 675, 676). "[A] court which demands such a waiver 'should articulate on the record its reasons for doing so'" (People v Torres, 216 AD3d at 676, quoting People v Sutton, 184 AD3d at 244). Here, the court did not articulate any reason for imposing an appeal waiver. Thus, the defendant's purported waiver of the right to appeal is unenforceable (see People v Torres, 216 AD3d at 676; People v Sutton, 184 AD3d at 244).
Accordingly, the purported appeal waiver does not preclude appellate review of the defendant's application for a waiver of the mandatory surcharge and fees pursuant to CPL 420.35(2-a) (see People v Sutton, 184 AD3d at 244-245).
Nonetheless, the defendant's contention that the surcharge and fees should be waived pursuant to CPL 420.35(2-a) is unpreserved for appellate review (see id. § 470.05[2]; People v Forero, 236 AD3d 816, 817). Under the circumstances, and in the absence of the People's consent, we decline to reach the issue in the exercise of our interest of justice jurisdiction.
DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court